### PORTER BANKSTON v. THE STATE.

No. 4242.   Decided October 25, 1916.

**1.—Murder—Remarks by Court—Captious Witness.**

*Where the defendant's witness was captious and refused to answer questions by giving evasive and argumentative answers, the trial judge had the right to require the witness to answer the questions propounded, and there was no reversible error.*

**2.—Same—Sufficiency of the Evidence—Manslaughter.**

*Where, upon trial of murder and a conviction of manslaughter, the evidence was sufficient to sustain the conviction there was no reversible error.*

Appeal from the District Court of Wharton. Tried below before the Hon. W. C. Carpenter, Special Judge.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. A. Cline,* for appellant.—On question of remarks by judge: Scott v. State, 72 Texas Crim. Rep., 26.

On question of insufficiency of the evidence: Smith v. State, 15 Texas Crim. App., 338; Green v. State, 72 Texas Crim. Rep.. 538, 162 S. W. Rep., 1151

*C. C. McDonald,* Assistant Attorney General for the State

HARPER, JUDGE.—Appellant was convicted of manslaughter and his punishment assessed at five years confinement in the State penitentiary.

There are but two bills of exception in the record, and they both relate to remarks made by the court to Florence Hill, a witness for defendant, while she was being cross-examined by the State's attorney. In both bills it is merely stated the defendant objected, no grounds of objection being stated. The bills are wholly insufficient to present any question for review, but take the examination of the witness and it shows, instead of answering the questions propounded to her, she was arguing with the district attorney, and the court told her not to argue, but to answer the questions propounded, and if she did not he would send her to jail. Again, when the district attorney was asking the

witness how far it was from a certain house to the buggy shed, the court remarked this distance was in evidence. The district attorney remarked it was a disputed question, when the court remarked, "I don't think you can establish it by her—she don't know which end she stands on." If the bills were full and complete in every respect to present the question that perhaps these remarks were such as to discredit the witness with the jury, that being the only objection that could be made, the remarks would not call for a reversal of the case. It is apparent the witness was captious, refusing to answer questions by giving evasive and argumentative answers, and under such circumstances the court has the right to require a witness to answer the questions propounded. In the statement of facts the testimony of this witness is in question and answer form, and we will here say that the action of the court was fully warranted by the conduct of the witness.

The only other question raised is as to the sufficiency of the evidence. A short synopsis of the testimony was given in the opinion on the former appeal in this case, reported in 76 Texas Crim. Rep., 504, 175 S. W. Rep., 1068, and we do not deem it necessary to do so again. In our opinion the evidence is sufficient, and would support a verdict of a higher grade of offense.

The judgment is affirmed.　　　　　　　　　　*Affirmed.*